UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

PAUL LEROY WICKHAM and LESLIE
DEAN WICKHAM,   )
                )
    Plaintiffs, )
                )
v.              )   Case No. 18-CV-0435-CVE-JFJ
                )
JUDGE CARL GIBSON et al.,   )
                )
    Defendants. )

# OPINION AND ORDER

Now before the Court is the plaintiffs' notice of removal (Dkt. # 1). Plaintiff Paul Leroy Wickham filed a "motion for notice of removal," apparently asking this Court to set aside a protective order entered by the Nowata County District Court. Dkt. # 1, at 1. He claims that he is the attorney in fact for Leslie Dean Wickham, but she has not signed the notice of removal.[1] Plaintiff ask the Court to remove Judge Carl Gibson from office, because Gibson is conspiring with the Nowata County Sheriff and others to violate plaintiff's constitutional rights. The notice of removal generally alleges that the defendants have conspired to commit fraud, and plaintiff cites 42 U.S.C. § 1983 and the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq. (RICO). However, the document filed by plaintiff contains no specific factual allegations, and it is unclear how defendants allegedly violated his constitutional rights or what specific constitutional

---

[1] The law is clearly established that a pro se litigant may not represent another person in federal court. Fymbo v. State Farm Fire & Cas. Co., 213 F.3d 1320 (10th Cir. 2000). Therefore, Paul Leroy Wickham may not represent Leslie Dean Wickham. There is nothing in the document filed Paul Leroy Wickham that would suggest that Leslie Dean Wickham consented to the filing of this case or that she wishes to represent herself in this matter, and the Court finds that she has not been properly named as a plaintiff. The Court will refer to Paul Leroy Wickham as the sole "plaintiff."

rights were violated. Plaintiff ask the Court to enter judgment in his favor in the amount of $22 million, plus $2,500 per day until certain firearms that were allegedly illegally seized are returned to him. Id. at 2.

Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction. Merida Delgado v. Gonzales, 428 F.3d 916, 919 (10th Cir. 2005); Penteco Corp. Ltd. Partnership--1985A v. Union Gas System, Inc., 929 F.2d 1519, 1521 (10th Cir. 1991). The party invoking federal jurisdiction has the burden to allege jurisdictional facts demonstrating the presence of federal subject matter jurisdiction. McNutt v. General Motors Acceptance Corp. of Indiana, Inc., 298 U.S. 178, 182 (1936) ("It is incumbent upon the plaintiff properly to allege the jurisdictional facts, according to the nature of the case."); Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction."). The Court has an obligation to consider whether subject matter jurisdiction exists, even if the parties have not raised the issue. The Tenth Circuit has stated that "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006).

The Court notes that it is unclear whether a protective order entered by a state court constitutes a "civil action" as contemplated by federal removal statutes, and the notice of removal does not contain a statement of jurisdiction setting forth the basis for removal. Plaintiff is proceeding pro se and the Court will construe his pleading broadly to determine if he has properly invoked the jurisdiction of this court and stated a colorable claim for relief. Haines v. Kerner, 404

U.S. 519, 520-21 (1972). Plaintiff makes no attempt to show that a protective order is a civil action subject to removal, and the Court will treat plaintiff's filing as a complaint initiating a new case in federal court. Even construing the complaint broadly, the Court finds that plaintiff has not alleged a claim arising under federal law. Plaintiff primarily alleges that Gibson, acting in his capacity as a state court judge, violated plaintiff's constitutional rights. "Judges are absolutely immune from civil liability for judicial acts, unless committed in the clear absence of all jurisdiction." Whitesel v. Sengenberger, 222 F.3d 861, 867 (10th Cir. 2000) (quoting Henriksen v. Bentley, 644 F.2d 852, 855 (10th Cir. 1981)). State court judges have the authority under state law to enter protective orders, and plaintiff has made no specific allegations that Gibson acted in the "clear absence of all jurisdiction." As to the remaining defendants, plaintiff cites § 1983 and RICO but he has made no specific factual allegations that could support a claim under either of those statutes. The Court has also considered whether it could exercise diversity jurisdiction over this case. Plaintiff has not alleged the citizenship of any party, and the Court cannot determine if the parties are completely diverse. Thus, the Court finds that it does not have federal question or diversity jurisdiction over this case. The Court finds that plaintiff's complaint (Dkt. # 1) should be dismissed for lack of subject matter jurisdiction.

**IT IS THEREFORE ORDERED** that plaintiff's complaint docketed as a "motion for notice of removal" (Dkt. # 1) is **dismissed without prejudice**. A separate judgment of dismissal is entered herewith.

**DATED** this 27th day of August, 2018.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE